Good morning, Your Honor. Nurse Rosemary Marquez on behalf of Mr. Noriega-Encinas. I would like to reserve two minutes for rebuttal. Mr. Noriega-Encinas had a right to be tried, but not until he was able to assist his counsel. So he had a right not to be subjected to a trial until he was able to have a rational degree, to understand his case and his case against him, and to assist in his defense. This right is so fundamental that we have safeguards and procedures in place that protect a defendant from being subjected to trial while incompetent. And those procedures are under 18 U.S.C. 4241. Help me if you would, counsel. Mr. Noriega-Encinas was examined for competency more than once, correct? He was, Your Honor. Could you give me a chronological relation of the first time he was examined for competency, the second time he was examined for competency, and I believe the third time. It's the fourth time that you claim should have been given him, otherwise he was constitutional rights were in. That's correct, Your Honor. Your Honor, Mr. Noriega-Encinas had been arrested for illegal reentry after deportation three times. So the first. Just give me the dates on which he was examined. So in 2001, he – excuse me. In 2001, he was evaluated. That was the first time he was evaluated. On a 1326 charge? Correct. On a 1326 charge. All right. He was found competent. The judge found him competent. And then he was again evaluated in 2003. And that. On the same charge? The second 1326 charge, yes. The second time he was found in the United States without papers. Correct, Your Honor. All right. Then? And then in 2007, he was evaluated for the third time. And on the same kind of charge, 1326? Correct. Just 30 legal reentry. On any of those, are you objecting to the validity or the methods that were used to determine that he was competent on those three occasions? No, Your Honor, I'm not. Now, it's the fourth time that he was not examined but was found guilty and sentenced that you object to. Correct, Your Honor. When was that? That was in January of 2008. I raised the issue with the court about his inability to assist, and he was not evaluated at that time or a hearing held. Did he make a motion? Or was that as your error based on the court's lack of substantive? No, I didn't make a motion that he be evaluated or that we have a competency hearing. All right. Thank you, Your Honor. Any other questions? No, I've got the case. Go ahead. Pardon me for interrupting you. Thank you. Your Honor, and on those, the evaluation of 2001, when that evaluation was done, that was done, there was a request for an evaluation. That was done, and he was found competent. In 2003, that evaluation was done in a facility at FCI Los Angeles. He was actually sent there for the 120 days. His medications were stabilized, and then the evaluation was the report was done and sent to the court. At that point, the court found, okay, he's ready, he's competent, his anxiety disorder is under control, and he proceeded with his change of plea and his sentencing. Let me ask you a question, two questions, actually. As to this last January 2008 requested competency evaluation, question number one, what identifiable change in his condition, which had been found not to impede his competency on three prior occasions, presented in January 2008 so as to change the circumstances? The circumstances changed, Your Honor, because he was, his medication had changed. That was the first issue. Apparently, he, his dosage had changed significantly, and the combination of medications that he had been on had also changed. There was testimony at some point that he had been on, he had been taking 20 pills a day. However, during the course of these proceedings, we heard that these pills had changed, that dosages had changed, and his anxiety level had increased significantly. And that was my observation in dealing with him, that his anxiety level had increased to the point where all he talked about were his medications and his lack of Ativan. Were you his counsel in 2008? Yes, Your Honor, I was. Did you say to the magistrate judge that you were satisfied with the results of his most recent competency evaluation in 2007? At the time of, on, at the end of 2007, when we had the hearing in 2007, right after, in July of 2007, I did tell him that, Your Honor, that I was satisfied. And actually, previous counsel had ordered that evaluation. And in 2007, after the evaluation came back, I expressed to the magistrate that I was satisfied. So what changed between your expression of satisfaction in 2007 and the January 2008 was his anxiety level about the medicines he was not getting, correct? That's correct, Your Honor. And there is evidence that his medication had changed from 2007, from the summer of 2007 to 2008 a number of times. And Mr. Noriega Encinas had complained repeatedly each and every time I met with him about his medication. He was at the point where he wasn't understanding why we had gone to a hearing the day before, because all he talked about was Ativan, Ativan, Ativan. And I did explain that to the magistrate judge in 2008. What is the scope of review of this Court as to the district court's findings that Mr. Noriega Encinas was competent? Well, it is clear error, Your Honor. But in this case, and I think we do – and there's some doubt whether it's abusive discretion if the actual competency evaluation, the competency hearing was just denied. But... Is it clear error or plain error? Clear error. Because this is a substantial right that's affected. And according to the case law, everyone has, I think, determined that it is. But you didn't make a motion according to the hearing at that time, did you? Yes, Your Honor. We requested that he be... That was an oral motion? It was an oral motion, yes. That we have a competency evaluation. I'm sorry. You can finish. That we have a – that we have him evaluated with regards to his medication. And that was the motion. Why does that raise a doubt as to competency? If he's just within the year being found to be competent, why shouldn't he just see a doctor about his – about his medication? The psychiatrist who examined him in 2007, in the summer of 2007, testified that his particular anxiety level could rise to the level of incompetence if he were not medicated, if his symptoms escalated to the point where he couldn't concentrate on anything, where he was distracted because of his anxiety level. And those were the lay terms that I – the lay symptoms I was observing as a lay person, that, in fact, he wasn't concentrating on his case and wasn't able to assist in preparation for trial. And I did bring that to the attention of the magistrate judge, that along with the medication he was taking, the numerous numbers of amounts of medication and the different dosages and combinations that were being played with right before his trial. Is there any – I couldn't find any case that was very helpful here. Is there one that I should read that – other than those that just set the standards? The ones that I – that I looked at in particular were, for example, Morant-Godinez that talked about – in that case, there were four meds that the person was taking. And one of those medications was a psychotropic drug for anti-anxiety. The other three were for hypertension and other medical issues. And the Court did alert that that should have given – that should have been one of the factors that should have been considered, the fact that he was on that medication. Well, the only thing you've argued so far, and the only thing in the record that might lead to a decision to do another exam is, one, your statements that you observed, you know, that he was – he was more anxiety-ridden about his medicine. And, two, there was a change in his medication. Now, there was an inquiry with respect to the change in the medication, right? And it was because the doctor so prescribed it. There was no indication that something was wrong with that prescription. So I think we're all coming down to your lay opinion that he was, you know, more anxious than usual. But you never said, you know, that – had risen to the level that, you know, he couldn't – that he was incompetent. And, two, on the other side, there was – there was record in the evidence that, you know, he was malingering and fainting, right? There was a lot of evidence of that, too. So those are the things the district judge had to balance and come to the decision, well, I really can't see a need for another exam now. What's the scope of review of that – in essence, that finding? Clear error. And why is it clear error? Well, because there's a number of things. May I just address one other thing? There was also the issue of – I did bring up – there was no issue as to whether or not he was suffering from severe anxiety disorder. So the court did have that also to balance, that, in fact, he was suffering. Would it say there was no issue that he was suffering from it? No. Well, it was uncontested. It is contested because, you know, there are several reports that he was fainting, right, and that he was malingering. And he gets these, you know, he seems to have these evidences, you know, only when he's facing a trial. Those were on the incompetency exams that they had given him. But on all those three evaluations, Your Honor, there was – all three doctors came to the conclusion that he did have severe anxiety disorder. And they all three, you know, came to the opinion that it could be treated with medication. And they all prescribed what they believed was appropriate medication. Now, the fact that you may differ from that prescription or that he may differ, you know, from the appropriateness of that description doesn't make it clear error that the prescription was wrong. You've more than used your time. You're in the red. We'll give you 30 seconds on rebuttal if there's something that you wish to add. Thank you. May it please the Court. My name is Elizabeth Strange. I represent the United States in this case. The district court did not commit error in finding the defendant competent. First of all, the question – I could find nothing in the record that there was ever a motion made for another evaluation or for a competency hearing. There was no objection made to the three times that the court found that the defendant was competent. The magistrate judge found it in July. There was no objection. The magistrate judge found it again in January 2008, no objection. At the hearing four days before trial, the district court again reviewed the medications that the defendant was receiving, said to counsel, I don't believe you're asking me to overrule the magistrate's decision. Counsel was silent. Magistrate – excuse me. The district court then ruled, I find, based on the evidence that's been presented both to the magistrate and to relying on the treating psychiatrist, that the defendant is competent to stay in trial. Counsel did not object. In fact, counsel said that the defendant was ready to proceed to trial. Well, you know, I think the burden of her argument is that something changed, right, between the last examination and the time of trial. Your Honor, I think that you – Isn't that her argument? Yes, sir. I believe that's true. But I think the only thing that's changed was the self-reporting of the defendant. Well, when did the change in medication occur? Well, I'm unsure about that, Your Honor, because I was looking at the records. It could have been during that period, right? And he was complaining, but, well, I'm not. Well, if you look at what the – in the records at ER-74, it says when he first came to – came there, they continued the Ativan, which was the medication at issue that he was asking more. He was asking for 6 milligrams of that. If you look at the record at ER-74, it says, well, we continued what he was on, which was Ativan BID 1 milligram, meaning he got it twice a day. And then if you look at what the medication was reported to him by the doctor on January 11th, and this is 4 days before trial, it says that he's getting  What was changed was they switched out – his treating psychiatrist switched out one drug and decided to give him Elevil. They are 50 milligrams. So I'm not – I am unsure what the change in the medication is that counsel is referring to. Also, I might add that the magistrate judge said there was no reliable information that the defendant ever received 6 milligrams of Ativan. That was merely self-reporting. He couldn't find any record of that in the – any medical records that had been given to him. Also, two weeks before trial, when there was another hearing on competency, defense counsel opined that even then she thought that another evaluation would be futile. And now counsel wants to suggest that the court sui sfonte should have ordered another competency hearing. But this Court has said the only time that that's required is when there's a bona fide or substantial cause to think that the defendant was incompetent. But all the evidence in this case pointed to the defendant being competent. The three evaluations said he was competent. The reported observations of the defendant when he wasn't with medical personnel. It was reported that he operated fine, but when he was asking for more medication, that's when apparently he had shakiness or his voice shook. Both the magistrate and the district court checked with the treating psychiatrist who said he was responding well to his medications, that he had altered the medication slightly, but that he felt that the defendant was responding well to it. In the defendant's demeanor, both there were at least five hearings before the trial that touched on competency, and at all of these hearings, the defendant was present. The defendant was able to respond to questions from either the magistrate or the court, either directly or through counsel. And then finally, his testimony at trial. The defendant was clearly able to get across what his thought, what he thought his reasons, legitimate reason for coming into the country was, that he wanted more medication, and that he came in through using his Oregon driver's license. Kennedy, can I interrupt you for just a second to see if I have the chronology correctly? In January of 2008, on January 11th, the district judge held a hearing during which he specifically considered Noriega and Sina's competency at stand trial. And then it's a second, or the lack of a second, competency hearing before he actually went to trial that's being complained of on appeal here. Is that correct? That appears to be the case, Your Honor, but on the January 11th, when the district court said, I find him competent, there was no objection from counsel. And there was no motion. So there really was at least an evaluation by the magistrate judge of the medical records as of January the 11th, correct? Well, on January 11th, Your Honor, that was the district court. The district court, pardon me. Yes, sir. On January 11th, the district court did an evaluation of the magistrate's report and medical records, came to the conclusion that the defendant was competent at stand trial. Correct. So the claim, as I understand it, is that the district court was in error in not ordering a further competency examination after that. Is that correct? Yes, sir. That appears to be what you're saying. Now, as to that, the failure of the district court to order further competency, isn't that a plain-error standard rather than a clear-error standard? Yes. As I understand it, Your Honor, I think because there was no objection made, that would be a plain-error standard. Well, well, just a minute. So is the issue, one, whether or not the defendant was competent to stand trial? Or, two, whether or not there was error in failing to order another competency exam, sua sponte, or both? Your Honor, as I understood it, the defendant was arguing, one, that the court made a mistake in not finding, in finding the defendant competent. That would be a clear-error standard. Your Honor is raising the possibility that there wasn't a sua sponte order of having a competency hearing. That was not objected to. That, I believe, would be a plain-error standard. Well, you understand that to be a separate allegation? At least another issue in this case? Well, you know, the district court wasn't aware, was it not, that counsel thought that her client was unable to assist in his own defense? Well, Your Honor, the the Is that unclear in your view? Excuse me. I'm sorry. Is that clear in your view or not? I don't believe that's the case. I think that counsel said that it was a difficult client, it was a difficult case. I, having gone through the transcript very carefully, I didn't see one reference that ever said that he was unable. And as the magistrate judge pointed out, you know, this is a capacity question, and the question under Dusky is, do you have the ability? And the magistrate judge found, yes, he did have the ability, but he chose as a strategy before trial that he was not going to assist. But being a difficult client or deciding not to assist your counsel, that doesn't constitute incompetency. And that's what the magistrate judge found, and that was in keeping with what the defense counsel's own expert had said, that, in fact, the defendant was a malingerer and perhaps trying to avoid even going to trial. So, Your Honors, because the decision was not in error, the Court should affirm both the conviction and the judgment. Thank you. Very briefly. Very briefly. I just wanted to go ahead and point out that the record does indicate that his medication had been changed as short as two months ago with a combination of the meds. But where is that? It is on the ‑‑ it's my excerpt of record, page 55, page 3, and I think it was the January 9th, 2008 hearing. Page 55? Page 55. Page 55 of my excerpt of record, page 3 of the court's transcripts. Okay. Thank you. And I also wanted to point out that throughout the record, throughout the case at these hearings, specifically on the January 7th hearing, I specifically told the magistrate judge that I never said he was a difficult client. What I did say was we were at the level of preparing for trial, this was a justification necessity defense, and the defendant was not able to assist me in bringing up the facts of that case. Can you explain your difficulties and his inability to remember what happened the day before? That's quite true. Okay. Thank you. Case to start here is submitted for decision.
judges: Schroeder, Tashima, Bea